# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 DANEWOOD L. KIRKPATRICK**
**United States Army, Appellant**

ARMY 20100716

Headquarters, 10th Support Group and U.S. Army, Okinawa (trial)
Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
(sentence rehearing)
T. Mark Kulish, Military Judge (trial)
James L. Varley, Military Judge (sentence rehearing)
Lieutenant Colonel Barry J. Stephens, Staff Judge Advocate (trial)
Colonel Mark W. Seitsinger, Staff Judge Advocate (sentence rehearing)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt, JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

9 December 2013

---------------------------------------------------------------
SUMMARY DISPOSITION ON FUTHER REVIEW
---------------------------------------------------------------

Per Curiam

Appellant was convicted by a general court-martial, contrary to his pleas, of one specification of willfully disobeying a superior commissioned officer, four specifications of violating a lawful order, one specification of stalking, and one specification of housebreaking, in violation of Articles 90, 92, 120a, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 920a, and 930 (2006) [hereinafter UCMJ].[*]

---

[*] The panel acquitted appellant of one specification of rape and one specification of aggravated sexual contact in violation of Article 120, UCMJ. The military judge acquitted appellant of one specification of obstructing justice in violation of Article 134, UCMJ. In addition, a separate specification of obstructing justice was dismissed.

KIRKPATRICK—ARMY 20100716

On 31 January 2013, we reversed appellant's convictions for violating a Military Protective Order issued by appellant's commander (Specification 2 of Charge I) and stalking (Charge III and its Specification) and dismissed those specifications with prejudice; affirmed the remaining findings of guilty; set aside the sentence; and remanded for a sentence rehearing on the affirmed findings of guilt. Following a sentence rehearing, at which appellant was sentenced to a reduction to E-1, the convening authority approved the adjudged sentence without fully reflecting the prior decision of this court in his action.

The case is again before us for review, this time without assignment of error. In accordance with our previous opinion we again affirm appellant's convictions for one specification of willfully disobeying his superior commissioned officer; three specifications of violating a lawful order, and one specification of housebreaking. On consideration of the entire record and matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the sentence is affirmed.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2